NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA BOLIVAR, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br> Defendant. : <br> : | Civil Action No. 17-6693 (SRC) <br><br> **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Laura Bolivar ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 31, 2010. A hearing was held before ALJ Sharon Allard (the "ALJ") on March 31, 2016, and the ALJ issued an unfavorable decision on May 26, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 26, 2016, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found

that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the decision should be reversed on three grounds: 1) at step two, the ALJ's finding that Plaintiff had no severe non-exertional impairments is not supported by substantial evidence; 2) at step three, the ALJ failed to properly consider Listing 1.02; and 3) the step five determination is not supported by substantial evidence.

As to the first point, regarding the ALJ's determination at step two, even if Plaintiff is correct that the omission of nonexertional impairments from the step two determination of severe impairments is not supported by substantial evidence, this can be no more than harmless error. As the Commissioner correctly asserts, "[s]tep two is merely a threshold analysis requiring the claimant to prove only one severe impairment." (Def.'s Opp. Br. 4.) The ALJ resolved the step two inquiry in favor of finding that Plaintiff meets the step two requirements and that the analysis should advance to step three. Given this outcome, any omission of some additional severe impairment can have no prejudicial impact on the ultimate disability determination. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.") At most, this is harmless error

2

and did not materially prejudice Plaintiff.

As to the second point, Plaintiff contends that the ALJ erred at step three by failing to present an adequate discussion of Listing § 1.02. At step three, the ALJ specifically addressed several listings, including Listing § 1.02. After summarizing the criteria for this Listing, the ALJ wrote:

> Even though the claimant received treatment for a knee problems [sic], the claimant's medical evidence of record indicates that she retains the ability to ambulate effectively. As such, the undersigned finds that this listing is not met or equaled.

(Tr. 28-29.) Plaintiff does not explain what is inadequate about this treatment of Listing § 1.02. The ALJ here, directly and concisely, explained the basis for her conclusion that Plaintiff did not meet the requirements of this Listing. In Burnett v. Commissioner of Social Security, the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings apply and give reasons why those listings are not met or equaled. 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000). In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Id. This Court finds that the ALJ's explanation is sufficiently clear and coherent to permit meaningful review, and the proof of that is that Plaintiff proceeds to raise a specific objection to the ALJ's analysis.

Plaintiff specifically objects to the determination that the "medical evidence of record indicates that she retains the ability to ambulate effectively." (Tr. 29.) Plaintiff contends that this is contrary to the opinion of the medical consultant selected by the Commissioner. The

3

evidence does not support this assertion. In the report of consultative examiner Dr. Vekhnis, dated January 27, 2014, Dr. Vekhnis wrote:

> Physical examination: She walked into the office without an assistive device, waddling gait. She was unable to walk on heels or toes, she was unable to squat. She was slightly tilted forward.
> . . .
> Impression: The claimant is a 39 year morbidly obese female with a history of a low back pain, right knee degenerative arthritis. She has normal function of hands for find and gross motor manipulation. She doesn't use an assistive device for ambulation.

(Tr. 502.) The Listings specifically define the inability to ambulate effectively:

> b. What we mean by inability to ambulate effectively.
>
> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R., Part 404, Subpt. P. App. 1 § 1.00(B)(2)(b). This states a definition which, generally, requires use of an assistive device to qualify as having an inability to ambulate effectively. The ALJ pointed to the statements of Dr. Vekhnis that Plaintiff walked without the use of an assistive device. In the context of this definition, this constitutes substantial evidence that Plaintiff can ambulate without the use of an assistive device. The ALJ's conclusion that Plaintiff retains the ability to ambulate effectively, in the context of this definition, is supported by substantial evidence.

Plaintiff's third point concerns the testimony of the vocational expert at step five, but includes an initial brief attempt to attack the residual functional capacity determination at step four. Plaintiff writes: "As already argued, this residual functional capacity is deficient insofar as

4

it does not take into account the Plaintiff's non-exertional psychological limitations and her ability to ambulate effectively." (Pl.'s Br. 25.) This assertion is unsupported by the record. To start with, Plaintiff's brief does not develop a challenge to the adequacy of the residual functional capacity determination. To the extent that the brief has raised such issues, they have been glancing at most. Plaintiff's brief contains no case that Plaintiff met her burden of proof of a residual functional capacity that differs from that found by the ALJ.

Moreover, the assertion that the residual functional capacity determination does not take into account Plaintiff's non-exertional psychological limitations is simply incorrect. In the decision, the ALJ first states her conclusions about exertional limitations to Plaintiff's residual functional capacity, and then states: "The claimant can be off task 10% of the workday due to her impairments." (Tr. 30.) In making this determination, the ALJ took into account at least one of Plaintiff's non-exertional impairments. This Court finds that Plaintiff has failed to demonstrate that the residual functional capacity determination is not supported by substantial evidence.

As to step five, Plaintiff argues that the vocational expert's "testimony concerning these jobs were bogus." (Pl.'s Br. 25.) In short, Plaintiff argues that the available jobs identified by the vocational expert do not exist: "If it is the case that these jobs exist in substantial numbers, the record does not support it." (Pl.'s Br. 28.) This Court disagrees. Plaintiff does not dispute that the vocational expert testified in support of these contentions at the hearing. That testimony is evidence of record – and substantial evidence, as well – which supports finding that the facts about available jobs are as the vocational expert stated. Moreover, Plaintiff has not pointed to any evidence of record which would support any contrary conclusion. Plaintiff has offered

argument against this conclusion in the brief, but points only to the evidence which supports the ALJ's determination. The ALJ's step five determination is supported by substantial evidence.

Plaintiff also complains that, at the hearing, counsel did not have the opportunity to cross-examine the vocational expert. Plaintiff concedes, however: "The attorney at the hearing did not fight this abuse of discretion." Having failed to raise this objection at the hearing before the ALJ in the first instance, this argument has been waived on appeal.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: October 25, 2018